

07 CIV 8219

JUDGE KEENAN

RECEIVED
SEP 20 2007
U.S.D.C. S.D.N.Y.
CASHIERS

ARTHUR R. LEHMAN, L.L.C.
Arthur R. Lehman (AL-8819)
Attorneys for Plaintiff
52 Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 697-2715


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JERRY WOLF, d/b/a AUSTRALIA ONLINE,                     Case No.

                              Plaintiff,

            -against-

ELDERS LIMITED,                                          COMPLAINT

                    Defendant.


-----------------------------------------------------------

   Plaintiff Jerry Wolf, by his undersigned attorneys, as and for his complaint against

defendant Elders Limited, alleges as follows:

<u>The Parties</u>

   1. Plaintiff Jerry Wolf is a citizen and resident of the State of New York and

resides in the City, County, and State of New York.

   2. On information and belief, defendant Elders Limited is a corporation

organized under the laws of the foreign state of Australia, maintains its principal office in

Adelaide, Australia, and is engaged in a broad range of agribusiness and related services,

including livestock, dairy, grains, wool, real estate, risk management, banking, insurance, and

telecommunications services.

Jurisdiction and Venue

3.    Plaintiff's claims arise under the Lanham Act, including 15 U.S.C.

§1114(2)(D)(v), and jurisdiction is based on 28 U.S.C. §1331 and 1337, and on 15 U.S.C. §1121.

The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and

costs, and is between a citizen of a State and a citizen of a foreign State, and this Court also has

jurisdiction pursuant to 28 U.S.C. §1332.  On information and belief, defendant is subject to

personal jurisdiction in the Southern District of New York pursuant to the ICANN Uniform

Domain Name Dispute Resolution Policy, section 3(B)(xiii), and otherwise, and a substantial

part of the events giving rise to plaintiff's claim occurred in the Southern District of New York,

and venue in the Southern District of New York is therefore appropriate pursuant to 28 U.S.C.

§1391.

Factual Background

4.    Plaintiff conducts certain business under the name "Australia Online."  In

or about April 1996, plaintiff, under the name Australia Online, registered the Internet domain

name "elders.com" through Network Solutions, LLC, an Internet domain name registrar.  At the

time that he registered elders.com, plaintiff intended to use the web site as an e-commerce portal

addressed to the needs of "elders," or individuals over the age of 50 years, including

professional, social, family, and health issues.

5.    Plaintiff did not until 2007 post any content on the elders.com web site,

and, on information and belief, prior to that time, prospective users who attempted to access

elders.com would receive a "server not found" message or view a form page displayed by

Network Solutions stating that the web site was "under construction."

2

6.    On information and belief, in or about July 2007, defendant commenced a proceeding against Australia Online under the Uniform Domain Name Dispute Resolution Policy ("UDRP") established by the Internet Corporation for Assigned Names and Numbers ("ICANN") by filing a complaint against plaintiff with the WIPO Arbitration and Mediation Center (the "Complaint"). In its Complaint, on information and belief (based on statements in the resulting decision that was issued), defendant claimed that plaintiff had no rights or legitimate interests in respect of elders.com and that plaintiff registered the domain name elders.com in bad faith.

7.    Plaintiff did not receive the Complaint or any notice whatsoever that the Complaint had been filed or that any proceedings were pending against him with respect to elders.com. Accordingly, plaintiff did not submit any response to the Complaint, and, based on plaintiff's default, an administrative decision dated August 30, 2007 was rendered against plaintiff ordering that the domain name elders.com be transferred to defendant (the "WIPO decision").

8.    Plaintiff became aware of defendant's claims only when plaintiff received notice from Network Solutions of the WIPO decision.

9.    The UDRP provides, at section 4k, that plaintiff can submit this dispute to a court of competent jurisdiction for independent resolution after the administrative proceeding is concluded. The UDRP further provides, at section 4(k), that if an administrative panel decides that plaintiff's domain name registration should be transferred, ICANN will wait ten business days after it is informed by the provider of the administrative panel's decision before implementing the decision.

3

10.    On September 11, 2007, Network Solutions sent an email to plaintiff notifying plaintiff that it had received notification that a decision was rendered to transfer the domain name elders.com to defendant. Network Solutions stated further that it would implement the transfer unless it received documentation on or before September 24, 2007 that plaintiff had commenced a lawsuit against defendant. Plaintiff brings the within action to obtain independent judicial resolution of his rights to the domain name elders. com.

<u>As a First Cause of Action</u>
(Declaratory Judgment)

11.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10, above, as if fully set forth herein.

12.    Plaintiff is the registrant of the domain name elders.com.

13.    Plaintiff's domain name elders.com was ordered to be transferred to defendant in the WIPO decision under a policy implemented by the registrar, Network Solutions.

14.    Defendant initiated the Complaint against plaintiff and had notice of the WIPO decision.

15.    Plaintiff's registration and use of the domain name elders.com is not unlawful under the Lanham Act.

16.    Plaintiff's domain name elders.com is not identical or confusingly similar to any trademark or service mark to which defendant has any right. On information and belief, defendant has no valid trademarks or service marks that it uses to provide information regarding professional, social, family, or health issues to persons over 50 years of age.

17.    On information and belief, defendant does not hold any U.S. trademarks with respect to the name "elders" and holds Australian trademarks on the mark "elders" only in

4

international classes 22 (cordage and fibers), 31(natural agricultural products), 35 (advertising and business), 36 (insurance and financial), and 42 (miscellaneous services).

       18.    On information and belief, based on review of the Australian government trademark web site, www.ipaustralia.gov.au, defendant holds rights for use of the mark "elders" in applications that are not in any way similar to the uses by plaintiff.  In particular,

       a.    Defendant's Australian trademark registration in class 22 is limited to the following uses:  Wool and wool products in this class; raw and treated wool; raw fibrous textile materials.

       b.    Defendant's Australian trademark registration in class 31 is limited to the following uses:  Sheep, cattle, livestock, foodstuff for animals.

       c.    Defendant's Australian trademark registration in class 35 is limited to the following uses:  Agricultural business and advisory services.

       d.    Defendant's Australian trademark registration in class 36 is limited to the following uses: Rural financing, rural loans, rural deposits, insurance services of all kinds acting as both agents and brokers.

       e.    Defendant's Australian trademark registration in class 42 is limited to the following uses:  Rural merchandising services, buying and selling of livestock, agricultural agents, general stock and station agency services, handling of livestock of all kinds.

       19.    On information and belief, based upon the statements made by the administrative panel in the WIPO decision, defendant made a knowing and intentional misrepresentation that the domain name elders.com is identical or confusingly similar to marks owned by defendant.

20.    Plaintiff has significant rights and interests in the domain name elders.com. Plaintiff registered the domain name elders.com to be used in a planned business, not for the purpose of selling, renting, or otherwise transferring the domain name registration to defendant or anyone else. In fact, since registering the domain name elders.com, plaintiff has received many inquiries regarding a possible sale of the domain name, but has in every instance rejected these proposals because he wishes to use the domain name himself. Defendant itself offered in 1999 to purchase the name elders.com from plaintiff, but plaintiff refused to sell the domain name. In addition, plaintiff has communicated with such organizations as the American Association of Retired People to explore potential business relationships with respect to plaintiff's planned business.

21.    Plaintiff did not register the domain name elders.com in order to prevent defendant from reflecting the mark in its domain name. On information and belief, defendant uses its mark in its domain names, including www.elders.com.au and www.eldersrealestate.com.au. Plaintiff is not an actual or potential competitor with defendant, and does not seek to prevent defendant from using the domain names currently used by defendant.

22.    Plaintiff has not registered the domain name elders.com for the purpose of disrupting the business of defendant.

23.    There is a ripe and justiciable controversy between plaintiff and defendant as to whether or not plaintiff's registration and use of the domain name elders.com is lawful and whether defendant is entitled to have the domain name elders.com transferred to defendant.

24.    By reason of the foregoing, plaintiff requests a declaration that its

6

registration and use of the domain name elders.com is lawful and does not violate any right of

defendant, and that defendant is not entitled to have the domain name elders.com transferred to

it.

WHEREFORE, plaintiff Jerry Wolf demands judgment against defendant Elders

Limited as follows:

A.    For a declaration that its registration and use of the domain name

elders.com is lawful and does not violate any right of defendant, and that defendant is not

entitled to have the domain name elders.com transferred to it.

B.    For the costs and disbursements of this action, including attorneys' fees

pursuant to 15 U.S.C. §1114(2)(D)(iv).

C.    For such other and further relief which to the Court seems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated:  September 19, 2007

ARTHUR R. LEHMAN, L.L.C.

By _____

Arthur R. Lehman (AL-8819)
52 Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 697-2715
Facsimile: (212) 697-2773
Email: arthur@lehmanlawyer.com

7